POSTAL TELEGRAPH CABLE COMPANY v. DOUGLASS & CO.

ATKINSON, J.—1. The action being for the value of a horse alleged to have been killed by hard driving and improper usage on the part of an employee of the defendant to whom the animal had been hired, the declaration of this employee, made on the road while returning from his journey, after the horse had become sick, that he, the employee, had just discovered this fact, if admissible in evidence at all, was, in the absence of any testimony as to how he had previously used or treated the animal, of no material weight or importance, and its rejection was not cause for a new trial.

2. In view of the judge's explanatory note, the charge complained of, even if erroneous, could have resulted in no injury to the defendant.

3. The evidence for the plaintiffs made out a *prima facie* case; and while that introduced in behalf of the defendant might have warranted inferences which would have authorized a verdict for the defendant, yet as it failed to introduce as a witness the employee above mentioned, or to account for his absence, and it is manifest that he alone knew the real truth of the case as to how the animal had been used or treated before becoming sick, this court will not disturb the judgment of the trial court refusing to set the verdict aside.                                    *Judgment affirmed.*

July 29, 1895.

Action for damages. Before Judge TURNBULL. City court of Floyd county. September term, 1894.

Plaintiffs hired to defendant a horse and buggy to be used by one Dempsey in going from Rome a distance

of twenty miles.   They had owned the animal about two years, in which time it had not had colic nor been otherwise sick.   It was sound and well when it left their stable about 9 o'clock in the morning.   The next day Dempsey returned without it, saying it had died on the road.   On the trial of this case, the foregoing facts having been proved, defendant introduced one Winkle, who testified that about two and a half hours before sunset on the day in question (which was in November), he saw Dempsey with the horse, which was lying in the road about twelve miles from Rome.   It seemed to be sick.   It was not sweating, and did not seem to have been driven hard, nor to have been sick long.   Winkle had had experience with horses, and thought this one had colic.   He and Dempsey treated it for that disease, worked with it for two hours, and did all they could for it.   Winkle then left, and Dempsey succeeded in getting the horse up and leading it about a half a mile further to the house of one Johnson, who helped to doctor it; and they did everything they could for it, but it died that night.   Plaintiffs obtained a verdict for the value of the horse, and a motion for new trial was overruled. The grounds of the motion were:

1. Error in refusing to allow Winkle to testify, as part of the *res gestæ*: "When I got to where Dempsey was, he said he had just discovered that the horse was sick."

2. Error in charging, that the jury should weigh all the evidence and see upon which side the preponderance was, and find their verdict as they might find the preponderance; without modifying this by an instruction that if the testimony was evenly balanced, the verdict should be for the defendant.   In a note the judge certifies, that he had previously charged that the burden was on plaintiffs to make out a *prima facie* case; but that if the jury believed this had been done, the burden would

v 96·52

be shifted to defendant, and it would then be for the jury to weigh all the evidence and determine in whose favor the preponderance was.

3. Verdict contrary to law and evidence.

FOUCHÉ & FOUCHÉ, for plaintiff in error.
REECE & DENNY, *contra.*